# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Chapter 11 |
| Midwest Properties of Shawano, LLC. | Case File No.: 11-10407 (KJC) |
| Debtor, | |

**MOTION OF MIDWEST PROPERTIES FOR JOINT ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF DEBTOR'CASE WITH THAT OF PARENT COMPANY PENDING AS CASE NO. 11-10504 (KJC)**

Midwest Properties of Shawano, LLC (hereinafter referred to as "MWP") by its attorney moves this Court for an Order granting substantive consolidation and joint administration of Debtor's case with that of its parent company, Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. pending in District of Delaware as Case No. 11-10504 (KJC). Debtor sets forth the following in support:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. On February 8, 2011, Debtor filed bankruptcy protection in Delaware.

2. Debtor, Midwest Properties of Shawano, LLC, is a wholly owned subsidiary of the Dr. R.C. Samanta Roy Institute of Science & Technology, Inc., hereinafter ("SIST"). As such, SIST is the sole member of this Debtor and the ultimate owner of all of the assets of this Debtor.

3. On February 21, 2010, SIST filed for Chapter 11 bankruptcy protection in Delaware. The same is pending as Case No. 11-10504 (KJC).

1

4. For tax purposes, this Debtor is a disregarded entity and files a consolidated tax return with that of its parent. Hence, this Debtor does not have its own tax identification number separate from that of its parent.

5. The separate identity of MWP from SIST has also been largely ignored by lenders as well. In all cases, the lenders relied upon the assets of SIST in making the determination to give credit. In particular, Baylake Bank and M&I Bank are two lenders that have interchangeably used properties owned by both entities as collateral for their mortgages. SIST's financial wherewithal was a primary consideration in the issuance of any loan to MWP. Moreover, SIST is a guarantor with respect to nearly every obligation of this Debtor, especially secured obligations. Treating MWP and SIST as two separate entities creates a distorted picture of the financial circumstances of this Debtor and SIST.

6. This Debtor has no separate financials from that of its parent and its parent's tax returns were utilized in securing its existing secured debt. From a financial perspective, both have operated on a consolidated basis since the inception of this debtor. The assets and expenses of SIST and MWP have always been commingled and income of both entities has often and regularly been used to pay the expenses of the other.

7. From a management perspective, both this Debtor and its parents have officers and directors in common. All accounting, decision-making, and financial decisions are done out of one centralized location.

8. Maintaining these cases as two independent cases serves no practical purpose, and creditors have far better chance of recovery with the entities merged into one consolidated case.

9. Therefore the Order Authorizing Joint Administration and Substantive Consolidation would be cost effective, avoid unnecessary duplication of documentation, and ease

the administration of the within cases if the joint administration and substantive consolidation were effectuated immediately.

## RELIEF REQUESTED

10. An Order for joint administration and substantive consolidation of this debtor's case with that of the pending case of its parent company, Dr. R.C. Samanta Roy Institute of Science & Technology, Inc., Case No. 11-10504 (KJC).

11. Debtor also requests other just and equitable relief as the Court deems proper.

## LEGAL ARGUMENT

12. This Court has jurisdiction to hear this matter under 28 U.S.C. § 1334 and under 28 U.S.C. § 157(a) and 28 U.S.C. § 157(b).

13. The authority to substantively consolidate cases derives from the Bankruptcy Court's general equitable power as implemented by 11 U.S.C. § 105(a) and as a construct of federal law. In re Owens Corning, 419 F.3d 195, 205 (3rd Cir. 2005); Holywell Corp. v. Bank of New York (In re Holywell Corp.), 59 B.R. 340, 347 (S.D. Fla. 1986).

14. Substantive consolidation exists as an equitable remedy that "treats separate legal entities as if they were merged into a single survivor left with all the cumulative assets and liabilities (save for inter-entity liabilities, which are erased)." In re Owens Corning, 419 F.3d at 205. Substantive consolidation has a profound effect on the assets of the consolidated entities. See, e.g., Nesbit v. Gears Unlimited, 347 F.3d 72, 86-87 (3rd Cir. 2003). The result is that claims of creditors against separate debtors morph to claims against the consolidated survivor." Genesis Health Ventures, Inc. v. Stapleton (In re Genesis Health Ventures, Inc.), 402 F.3d 416, 423 (3rd Cir. 2005). Substantive consolidation is within the bankruptcy court's equitable powers, and the

3

bankruptcy court has broad discretion in ordering substantive consolidation." In First National Bank of El Dorado v. Giller (In re Giller), 962 F.2d 796, 799 (8th Cir. 1992).

15. Substantive consolidation originated with the United States Supreme Court in Sampsell v. Imperial Paper & Color Corp seven decades ago when it approved what later became known as substantive consolidation. Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 61 S.Ct. 904, 85 L.Ed. 1293 (1941).

16. Since the Supreme Court's ruling in Sampsell, many Circuit Courts have also acknowledged substantive consolidation as a possible remedy. See, e.g., FDIC v. Hogan (In re Gulfco Inv. Corp.), 593 F.2d 921, 927-28 (10th Cir. 1979); Pension Benefit Guar. Corp. v. Ouimet, 711 F.2d 1085, 1092-93 (1st Cir. 1983); Drabkin v. Midland-Ross Corp. (In re Auto-Train Corp.), 810 F.2d 270, 276 (D.C.Cir. 1987); Eastgroup Props. v. S. Motel Ass'n, 935 F.2d 245, 248 (11th Cir.1991); In re Giller, 962 F.2d at 799; First Nat'l Bank of Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.), 974 F.2d 712, 720 (6th Cir. 1992); Reider v. FDIC (In re Reider), 31 F.3d 1102, 1106-07 (11th Cir. 1994); In re Owens Corning, 419 F.3d at 205-211 and Alexander v. Compton (In re Bonham), 229 F.3d 750, 762 (9th Cir.2000).

17. In In re Owens Corning, the Third Circuit held that substantive consolidation should be used defensively to remedy identifiable harms. In re Owens Corning, 419 F.3d at 215. Further, the Third Circuit established that a moving party must prove the presence of one of two factors in order for the court to apply substantive consolidation to a case. With regard to the entities for whom substantive consolidation is sought, the moving party must show that

   (i)    prepetition they disregarded separateness so significantly their creditors relied on the breakdown of entity borders and treated them as one legal entity; or

   (ii)   post-petition their assets and liabilities are so scrambled that separating them is prohibitive and hurts all creditors. In re Owens Corning, 419 F.3d at 211.

18. A creditor must prove they are adversely affected by substantive consolidation and that they actually relied on debtors' separate existence. Id.

19. Substantive consolidation is appropriate in this case as the facts here are exactly the reverse of those encountered in Owens Corning in which case the Third Circuit held that substantive consolidation was inappropriate. In this case, the parent company, SIST guaranteed the obligations of this Debtor. In this situation, substantive consolidation benefits the creditors because they still maintain their same position as secured creditor and the pool of assets from which they can be paid back has been substantially expanded due to the substantive consolidation.

20. Other courts have reached similar holding to those of the Third Circuit in In re Owens Corning. The proponent of substantive consolidation must show that (1) there is substantial identity between the entities to be consolidated; and (2) consolidation is necessary to avoid some harm or to realize some benefit. In re Murray Industries, Inc., 119 B.R. 820, 829 (Bankr. M.D. Fla. 1990); Matter of Lewellyn, 26 B.R. 246, 251 (Bankr.S.D.Iowa 1982); In re Snider Bros., 18 BR. 230, 234 ( Bankr. Mass 1982). When this showing is made, a presumption arises "that creditors have not relied solely on the credit of one of the entities involved." Matter of Lewellyn, 26 B.R. at 251-52. Once the proponent has made this prima facie case for consolidation, the burden shifts to an objecting creditor to show that (1) it has relied on the separate credit of one of the entities to be consolidated; and (2) it will be prejudiced by substantive consolidation. In re Owens Corning, 419 F.3d at 211.

21. In this case, substantive consolidation will create a benefit without any corresponding detriment. Under every method of analysis, substantive consolidation is appropriate.

22. This Debtor is a wholly owned subsidiary of its parent, SIST and as such is the sole member of this Debtor. For tax purposes, this Debtor is disregarded entity and files a consolidated tax return with that of its parent. Hence, this Debtor does not have its own tax identification number separate from that of its parent. SIST as the sole member of this Debtor ultimately is the owner of the assets of this Debtor.

23. As can be seen from the Schedule H, SIST is a guarantor with respect to many obligations of this Debtor. This Debtor has no separate financials from that of its parent and its parent's tax returns were utilized in securing its existing secured debt. Historically, from a financial perspective, both have operated on a consolidated basis. As the parent company is the ultimate owner of the assets of MWP, it would face the tax consequences, if any, from any plan that MWP could propose.

24. Both Debtor and its parent, SIST, have officers and directors in common.

25. Due to the fact that SIST has guaranteed nearly all of the obligations of this Debtor, consolidation of the cases is necessary in order to prepare an accurate plan of reorganization.

26. The creditors of this Debtor will in no way be harmed by a consolidation of this Debtor with its parent. In fact, with the consolidation, creditors are likely to obtain a higher recovery. Therefore, unlike the usual substantive consolidation questions, which involve a balancing of interests to assure that any benefit to be gained is not offset by harm to be caused, there is no harm that need be offset by the benefits to be obtained through substantive consolidation. Granting substantive consolidation will not only provide a net benefit, but will provide a benefit that is not reduced by any harm.

## CONCLUSION

WHEREFORE, Debtor respectfully requests that its motion for joint administration and substantive consolidation of this case with that of its parent, SIST be granted. There will be great benefit to the estate with no adverse consequences.

Dated:  March 21, 2011                                   LARAINE A. RYAN, ESQ.

   /s/ Laraine A. Ryan
Laraine A. Ryan, ID No. 3249
1601 Milltown Rd, Suite 8, Lindell Square
Post Office Box 5733
Wilmington, DE  19808-0733
Telephone:  (302) 993-9010
Facsimile:  (302) 397-2347
*Attorney for Debtor*