# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Midwest Properties of Shawano, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-10407 (KJC)<br><br>**Hearing Date: April 7, 20110 at 10 a.m.**<br><br>**Objections Due: March 31, 2011 at 4 p.m.<br>Extended to April 1, 2011 at 5 p.m. for<br>U.S. Trustee** |
| In re<br><br>U. S. Acquisitions & Oil, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 10-14121 (KJC)<br><br>**Hearing Date: April 7, 20110 at 10 a.m.**<br><br>**Objections Due: March 31, 2011 at 4 p.m.<br>Extended to April 1, 2011 at 5 p.m. for<br>U.S. Trustee** |

**RESPONSE OF UNITED STATES TRUSTEE TO DEBTORS' MOTIONS FOR JOINT
<u>ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION</u>**

Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, hereby responds to the Motion of Midwest Properties for Joint Administration and Substantive Consolidation of Debtor's Case with that of Parent Company Pending as Case No. 11-10504 (KJC), filed in Midwest Properties of Shawano, LLC ("Midwest Properties"), Case no. 11-10407, and the Motion of U.S. Acquisitions & Oil, Inc. for Joint Administration and Substantive Consolidation of Debtor's Case with that of Parent Company Pending as Case No. 11-10504 (KJC), filed in U.S. Acquisitions & Oil, Inc. ("US A&O"), Case No. 10-14121 (collectively, the "Motions"), and in support of the Response states as follows:

1

**PRELIMINARY STATEMENT**

1. The U.S. Trustee does not object to that portion of the Motions seeking joint administration of Midwest Properties and US A&O with their parent corporation, the Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. ("SIST"). The U.S. Trustee does, however, object to that portion of the Motions seeking substantive consolidation of the three Debtors, because the Debtors have failed to meet their burden of justifying the extreme remedy of substantive consolidation. Nor have the Debtors demonstrated to the Court any need for substantive consolidation, especially at this stage of the cases.

2. Significantly, the course of action taken by these Debtors, and the other SIST subsidiaries that are not currently in bankruptcy, is completely inconsistent with their newly stated need for substantive consolidation. In March 2009, SIST and six of its approximately twenty wholly-owned subsidiaries, including Midwest Properties and US A&O, filed for bankruptcy in this District. Those debtors were granted joint administration, but did not seek substantive consolidation. Nor did any of those debtors' creditors seek substantive consolidation. After this Court dismissed those cases in September of 2009, certain subsidiaries of SIST, including Midwest Properties, began to file bankruptcy cases in a piece-meal fashion, at different times and in different bankruptcy courts across the country, while SIST and other of its wholly owned subsidiaries remained out of bankruptcy.

3. The Debtors did not seek joint administration, let alone substantive consolidation, with respect to the two related cases that were pending in this Court last fall -- that of Midwest Properties and Midwest Oil of Minnesota, LLC ("Midwest Oil") -- even though both

entities are wholly-owned subsidiaries of SIST and file consolidated tax returns with SIST, facts that Debtors now assert support substantive consolidation between SIST and Midwest Properties.

4. Even the Debtors' actions with respect to the present cases are inconsistent with their seeking substantive consolidation. All three cases filed on different dates, US A&O on December 21, 2010, Midwest Properties on February 8, 2011, and SIST on February 21, 2011. The Debtors waited another month after the last of such entities filed its case before seeking joint administration, even though such relief is typically requested as a first day motion. After the Debtors filed the Motions for substantive consolidation in these cases, another of SIST's wholly-owned subsidiaries, Yehud-Monosson USA, Inc. ("Yehud"), filed a case in the Southern District of New York.[1]

5. The Debtors assert that substantive consolidation is appropriate because, *inter alia*, Midwest Properties is a disregarded entity for tax purposes, files a consolidated tax return with SIST, SIST has guaranteed debts of both Midwest Properties and US A&O, and the three Debtors share many of the same officers and directors. Such allegations fail to satisfy the Debtors' burden of proof to obtain what the Third Circuit Court of Appeals has termed a remedy "of last resort." *In re Owens Corning*, 419 F.3d 195, 211 (3d Cir. 2005). As to the Debtors' assertion that there has been "commingling" of assets and expenses between SIST and Midwest Properties and between SIST and US A&O, the Debtors have not alleged the specific facts, or introduced evidence, to support such assertions. Moreover, if commingling did occur, substantive consolidation is not the only remedy, and may not be the most appropriate one.

---

[1] Yehud is a recently created New York corporation which apparently purchased the assets of, and merged with, SIST subsidiary Midwest Oil. The merger appears to have taken place after Midwest Oil's bankruptcy case was dismissed *with prejudice* for one year by the Bankruptcy Court for the District of Minnesota, by order entered on March 9, 2011, Case No. 11-30319, attached hereto as **Exhibit A**.

6. What the Debtors seek here is really partial substantive consolidation. SIST has numerous wholly-owned subsidiaries that are not currently in bankruptcy. The factors that the Debtors cite in their Motions in support of substantive consolidation as between the Debtors are likely also present as between SIST and its non-debtor subsidiaries. Yet the Debtors do not seek to bring in the assets and liabilities of those subsidiaries through substantive consolidation.

7. In sum, the Debtors' actions have been inconsistent with their request for substantive consolidation, and they fail to satisfy their burden of proof for such relief. Moreover, as detailed below, the Motions were not served on all creditors and other parties in interest in these bankruptcy cases. That portion of the Debtors' Motions seeking substantive consolidation therefore should be denied.

## **JURISDICTION**

8. Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

9. Under 28 U.S.C. § 586, the U.S. Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

10. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motions and the issues raised in this Response.

## PROCEDURAL HISTORY

11. On March 16, 2009, SIST, and six of its subsidiaries[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court. Upon the motion of those debtors, by Order dated March 20, 2009, those cases were jointly administered under Case No. 09-10876 (KG)(the "2009 Case").

12. On March 20, 2009, the Court entered an order directing joint administration of the cases, although no motion for joint administration appears on the docket. *See id.*, Dkt. 9.

13. On September 16, 2009, this Court issued an Order for Rule to Show Cause, setting a hearing on September 21, 2009, at which the Debtors and their affiliated debtors were required to show cause why the Court should not dismiss the cases or appoint a chapter 11 trustee. *See* Case No. 09-10876, Dkt. No. 283.

14. After a hearing on the Order for Rule to Show Cause, on September 22, 2009, this Court entered an Order dismissing the 2009 Case (the "Dismissal Order"). *See* Bankr. Ct. Case No. 09-10876, Dkt. No. 291.

15. The Debtors and their affiliated debtors appealed this Court's Dismissal Order to the District Court for the District of Delaware. By Order entered May 25, 2010, the District Court affirmed the Dismissal Order. *See* District Court Case No. 09-789, Dkt. No. 45.

16. The Debtors and their affiliated debtors appealed the District Court's order to the Court of Appeals for the Third Circuit. That appeal is currently pending.

---

[2] The subsidiaries that filed with SIST in 2009 were US A&O, Midwest Properties, Midwest Oil of Minnesota, LLC, Midwest Oil of Wisconsin, LLC, Midwest Oil of Shawano, LLC and Midwest Hotels & Motels of Shawano, LLC. *See* Case No. 09-10876

17. In the summer of 2010, after the stay of this Court's Dismissal Order was lifted,[3] two of SIST's wholly–owned subsidiaries filed their second bankruptcy cases, in two different bankruptcy courts, approximately two weeks apart. Midwest Properties filed on July 13, 2010 in the Bankruptcy Court for the Eastern District of Wisconsin (the "Wisconsin Bankruptcy Court"), Case No. 10-31515-pp. Midwest Oil filed on July 26, 2010 in the Bankruptcy Court for the District of Minnesota (the "Minnesota Bankruptcy Court"), Case No. 10-35450.[4]

18. On August 2, 2010, the Wisconsin Bankruptcy Court signed an order transferring venue of the case to this Court. *See* Dkt. # 23 Eastern District of Wisconsin Bankruptcy Case No. 10-31515-pp. That case was initially assigned to Judge Gross of this Court, and later was transferred to Judge Carey. *See* Case No. 10-12481.

19. On August 18, 2010, upon the motion the U.S. Trustee for Region 12, the Minnesota Bankruptcy Court dismissed Midwest Oil's case, pursuant to 11 U.S.C. § 1112(b)(1). *See* Case No. 10-35450, Dkt No. 21 (Bankr. Minn.).

20. On September 1, 2010, Midwest Oil filed its third bankruptcy case, in this Court, Case No. 10-12771. That case was initially assigned to Judge Gross of this Court, and later was transferred to Judge Carey.

---

[3] Upon the applications of the appellants, the Dismissal Order was stayed through June 7, 2010. *See* Bankr. Ct. Case No. 09-10876, Dt. No. 306 (order granting stay through Oct. 26, 2009); District Court Case No.09-CV-00789 (GMS), Dkt. No. 12 (extending the stay indefinitely). On June 7, 2010, the District Court denied the appellants' motion to extend the stay pending their appeal to the Court of Appeals. *See id.,* Dkt. No. 50. On July 1, 2010, the Court of Appeals also denied the appellants' motion to stay the Dismissal Order. *See* Court of Appeals Case No. 10-2535.

[4] On July 26, 2010, Midwest Properties and Midwest Oil withdrew their appeal to the Court of Appeals. *See* Court of Appeals Case No. 10-2535.

21. Although their cases were pending in this Court at the same time last year, Midwest Properties and Midwest Oil did not move to have their cases jointly administered, let alone substantively consolidated. In fact, when counsel for the U.S. Trustee inquired last year as to whether those debtors would be seeking joint administration, those debtors' then counsel stated that they would not, as those debtors "are completely separate entities with nothing in common." *See* email of September 2, 2010 of Bruce Scott, then counsel for Midwest Properties and Midwest Oil, to Juliet Sarkessian, counsel to the U.S. Trustee, attached as **Exhibit B** hereto.

22. On December 20, 2010, this Court dismissed the bankruptcy cases of Midwest Properties and Midwest Oil.

23. The very next day, on December 21, 2010, US A&O filed its second bankruptcy case, in this Court, Case No. 10-14121 (KJC).

24. On January 19, 2011, Midwest Oil filed its fourth bankruptcy case, this time in the Minnesota Bankruptcy Court, Case No. 11-30319 (RJK). On March 9, 2011, the Minnesota Bankruptcy Court dismissed Midwest Oil's case with prejudice for one year. A copy of that Order is attached as **Exhibit A**.

25. On February 8, 2011, Midwest Properties filed its third bankruptcy case, in this Court, Case No. 11-10407 (KJC).

26. On February 21, 2011, SIST filed its second bankruptcy case, in this Court, Case no. 11-10504 (KJC).

27. On March 22, 2011, the Debtors filed the Motion of Midwest Properties for Joint Administration and Substantive Consolidation of Debtor's Case with that of Parent Company, in Midwest Properties' case (Dkt. No. 13), and the Motion of U.S. Acquisitions & Oil, Inc. for Joint Administration and Substantive Consolidation of Debtor's Case with that of Parent

Company in US A&O's case (Dkt. No. 18). Neither these Motions, nor any other motion relating to joint administration or substantive consolidation, were filed in SIST's case, even though the Motions concerned SIST.

28. Two days later, on March 23, 2011, another wholly owned subsidiary of SIST, Yehud, filed for bankruptcy in the Bankruptcy Court for the Southern District of New York, Case No. 11-11278 (ALG). Yehud is a recently created New York corporation that apparently purchased the assets of SIST subsidiary Midwest Oil, and merged that entity into it. The merger appears to have taken place after Midwest Oil's bankruptcy case was dismissed with prejudice by the Minnesota Bankruptcy Court on March 9, 2011.

29. No official committee of unsecured creditors has been formed for any of the Debtors.

30. To date, this Court has not directed the appointment of a trustee or an examiner in these cases.

## LEGAL ANALYSIS

31. Substantive consolidation is an extraordinary and equitable remedy in which that two or more entities are considered and treated as one entity. Although there is no statutory authority for substantive consolidation, 11 U.S.C. § 105 has been used by courts to order substantive consolidation. *Augie/Restivo Baking Company*, 860 F.2d 515, 518, n.1 (2d Cir. 1988). [5] The effect of substantive consolidation is to merge the assets and the liabilities of two

---

[5] Equitable principles cannot be used to circumvent clear Congressional intent. *See, e.g., United States Trustee v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 33 F.3d 294, 300 (3d Cir. 1994); *United States Trustee v. Price Waterhouse*, 19 F.3d 138, 142 (3d Cir. 1994). In addition, 11 U.S.C. § 105(a) can only be used to carry out provisions of the Bankruptcy Code, not to graft new provisions onto the statute that Congress neither enacted nor intended. *See Southern Ry. Co. v. Johnson Bronze Co.*, 758 F.2d 137, 141 (3d Cir. 1985) ("[S]ection 105(a) does not authorize the bankruptcy court to create rights not otherwise available under applicable law.").

or more estates resulting in a single body of assets and a single body of creditors. *In re John Cooper*, 147 B.R. 678, 682 (Bankr. D.N.J. 1992); *In re United Stairs Corp.*, 176 B.R. 359, 368 (Bankr. D.N.J. 1995); *see also In re Owens Corning*, 419 F.3d 195, 205 (3d Cir. 2005);

32. "While the term [substantive consolidation] has a disarmingly innocent sound, consolidation . . . is no mere instrument of procedural convenience . . . but a measure vitally affecting substantive rights*."* *In re Flora Mir Candy Corp.*, 432 F. 2d 1060, 1062 (2d Cir. 1970). "Substantive consolidation should be considered with extreme caution and only in extraordinary circumstances. *In re United Stairs Corp.*, 176 B.R. at 368. It "is an extreme and unusual remedy." *Gandy v. Gandy (In re Gandy)*, 299 F.3d 489, 499 (5th Cir. 2002).

33. The Third Circuit Court of Appeals, in *In re Owens Corning,* emphasized that there is a nearly unanimous consensus that substantive consolidation should be used "sparingly." 419 F.3d at 208. "Indeed, because substantive consolidation is extreme . . . and imprecise, this 'rough justice' remedy should be rare and, in any event, *one of last resort* after considering and rejecting other remedies." *Id.* at 211 (emphasis added). In *Owens Corning*, the Third Circuit set forth the fact intensive standard for substantive consolidation: "In our Court what must be proven (absent consent) concerning the entities for whom substantive consolidation is sought is that (i) prepetition they disregarded separateness so significantly their creditors relied on the breakdown of entity borders and treated them as one legal entity, or (ii) post-petition their assets and liabilities are so scrambled that separating them is prohibitive and hurts all creditors." *Id.*

34. The Third Circuit further held that, "[p]roponents of substantive consolidation have the burden of showing one or the other rationale for consolidation. The second rationale needs no explanation. The first, however, is more nuanced. A prima facie case

9

for it typically exists when, based on the parties' prepetition dealings, a proponent proves corporate disregard creating contractual expectations of creditors that they were dealing with debtors as one indistinguishable entity." *Id.* (citations omitted).

35. The Debtors have not established that they meet either of the alternatives for substantive consolidation set forth in *Owens Corning*. The Debtors have not alleged, let alone introduced any evidence, as to the second alternative. As to the first alternative, the Debtors make no allegation that there was any pre-petition disregard of the corporate separateness as between SIST and US A&O, or that creditors treated them as one entity. Rather, the Debtors assert that US A&O is a wholly owned subsidiary of SIST, SIST is a guarantor of US A&O's obligations, and they have officers and directors in common. *See* US A&O Motion, ¶¶ 2, 4, 6. The Debtors assert that SIST has guaranteed certain obligations of Midwest Properties as well. *See* Midwest Motion, ¶5. Yet such guarantees were also present between the entities that sought substantive consolidation in *Owens Corning*, but the Third Circuit nevertheless reversed the District Court's grant of substantive consolidation. *See* 419 F.3d at 199 (describing guarantees).

36. The Debtors further assert that the separate identity of SIST and Midwest Properties "has also been largely ignored by lenders," and that there has been commingling of assets and expenses between SIST and Midwest Properties and between SIST and US A&O. *See* Midwest Motion, ¶¶ 5 – 6; US A&O Motion, ¶22. The Debtors offer no support for these assertions. Discovery would be needed to determine if commingling has occurred, and if so, to what extent and between which entities. Even if the Debtors' assertions were true, it does not follow that substantive consolidation would be the appropriate remedy. Other possible remedies

are piercing the corporate veil, equitable subordination, and turnover of property that any debtor improperly transferred to an affiliate. *See Owens Corning*, 419 F. 3d at 206.

38. As stated by the Third Circuit in *Owens Corning*, "commingling justifies consolidation only when separately accounting for the assets and liabilities of the distinct entities will reduce the recovery of *every* creditor – that is, when every creditor will benefit from the consolidation. Moreover, the benefit to creditors should be from cost savings that makes assets available rather than from the shifting of assets to benefit one group of creditors at the expense of another." 419 F.3d at 214 (emphasis in the original).

38. The Debtors have not alleged, let alone demonstrated, that separately accounting for the assets and liabilities of the three Debtors will reduce the recovery of every creditor, as required by *Owens Corning*. Rather, they have merely alleged, in summary fashion, that "creditors have far better chance of recovery with the entities merged into one consolidated case." *See* US A&O Motion, ¶ 7; Midwest Properties Motion, ¶ 8. Such an unsupported assertion is far from sufficient to justify the "extreme" relief "of last resort" that is substantive consolidation. *Owens Corning,* 419 F.3d at 211.

39. Finally, if commingling did occur, and if substantive consolidation is the appropriate remedy for such commingling, such consolidation would likely involve SIST and all or most of its approximately twenty subsidiaries, not just those two subsidiaries whose cases are currently before this Court. *See Owens Corning*, 419 F.3d at 209, n. 13 (discussing cases in which there has been substantive consolidation of debtors and non-debtors).

40. The Debtors provide no explanation as to why substantive consolidation is necessary at this time, other than to assert that an order authorizing joint administration and substantive consolidation, "would be cost effective, avoid unnecessary duplication of

11

documentation, and ease the administration" of the cases. *See* Midwest Motion, ¶ 9. These goals can be achieved through joint administration only. As stated by the Third Circuit in *Owens Corning*, "[m]ere benefit to the administration of the case (for example, allowing a court to simplify a case by avoiding other issues or to make postpetition accounting more convenient) is hardly a harm calling substantive consolidation into play." 419 F. 3d at 211.

41. In sum, the Debtors have fallen far short of providing any justification, let alone supporting evidence, sufficient to meet the test set forth in *Owens Corning* for the extreme relief of substantive consolidation. As was the case in *Owens Corning,* "[w]ith no meaningful evidence supporting either test to apply substantive consolidation, there is simply not the nearly 'perfect storm' needed to invoke it." *Id.* at 216.

### SERVICE OF THE MOTIONS WAS NOT ADEQUATE OR COMPLETE

42. Substantive consolidation affects the substantive rights of all creditors of each of the entities sought to be consolidated. *See Owens Corning*, 419 F.3d at 206 ("Substantive consolidation . . . affects distribution to innocent creditors . . . ."). Therefore, all creditors of all of the three Debtors should have been provided with notice as required by Local Rule 2002-1(b). "Due process requires notice reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." *Folger Adam Security v. DeMatteis/MacGregor*, 209 F.3d 252, 265 (3d Cir. 2000) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).

43. Based on the certificates of service filed with the Motions, service of those Motions was not made on all creditors of the three Debtors whose cases are sought to be substantively consolidated. *See* Midwest Properties, Case No. 11-10407, Dkt. No. 13; U.S.

Acquisitions & Oil, Case No. 10-14121, Dkt. No. 18.  Service was deficient in a number of ways.  First, the Motions were not filed on the SIST docket, but rather only on the dockets of Midwest Properties and US A&O.  It appears that creditors of SIST were not served with the Motions unless they also happened to be creditors of Midwest Properties and US A&O.  Neither certificate of service indicates that service was made on the attorney Glenn Brown, even though he filed a request for service of papers on behalf of Vermillion State Bank in SIST's case.  *See* Case No. 11-10504, Dkt. No. 9.

44. Service was also deficient in that not all of the creditors or other parties in interests (such as co-debtors) of Midwest Properties and US A&O, as set forth on those entities' respective schedules and creditor matrixes, received service of the Motion in the case in which they are a creditor or other party in interest.  In addition, creditors of US A&O that were served with the motion to consolidate between SIST and US A&O did not receive service of the motion to consolidate as between SIST and Midwest Properties (unless they happened to also be a creditor of the latter entity), and vice-versa.

## **RESERVATION OF RIGHTS/CONCLUSION**

45. The U.S. Trustee leaves the Debtors to their proofs to establish the legal basis for substantive consolidation of these cases, and the U.S. Trustee  reserves any and all rights found at law, equity or otherwise.  The U.S. Trustee further reserves all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter, substitute and/or modify this Motion and to conduct any and all discovery as may be deemed necessary or as may be required, and to assert such other grounds as may become apparent.

WHEREFORE the U.S. Trustee requests that this Court grant that portion of the Debtors' Motions seeking joint administration, and deny that portion of the Debtors' Motions seeking

substantive consolidation, and/or granting such other relief as this Court deems appropriate, fair and just.

Dated: April 1, 2011
      Wilmington, Delaware

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

By: <u>*/s/ Juliet Sarkessian*</u>
Juliet Sarkessian, Esquire
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)